UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| NATHANIEL A. THOMAS, JR., | ) | CASE NO. 1:07 CV0069 |
| Petitioner, | ) ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| T.R. SNIEZEK, | ) ) | AND ORDER |
| Respondent. | ) ) | |

On January 10, 2007, pro se petitioner Nathaniel A. Thomas, Jr. filed the above-captioned petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 against Warden T.R. Sniezek at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton). Mr. Thomas, who is incarcerated in F.C.I. Elkton, seeks an order vacating his conviction for being a felon in possession of a firearm.

*Background*

The relevant facts asserted in this petition are brief. Mr. Thomas was convicted in the State of Michigan of a "drug trafficking offense" in 1991. Twelve years later, he was

indicted in the United States District Court for the Western District of Michigan and charged with being a felon in possession of a firearm and use of a firearm in a drug trafficking offense. United States v. Thomas, No. 1:03CR0205, (W.D. Mich. 2003). Petitioner does not state the length of the sentence imposed by the court, or whether he is currently incarcerated as a result of that sentence.

*Analysis*

It is his conviction for being a felon in possession of a firearm which Mr. Thomas presently challenges. He asserts "Michigan law grants an offender a clear pardon for his prior convictions which would make him a felon prohibited from possession of a firearm if offender's prior conviction is completed and five years had gone by." (Pet. at 1.) Because five years had passed since his 1991 conviction, he argues he was no longer a felon in 2003 when the District Court of Michigan indicted him. Moreover, he cites the Sixth Circuit's opinion in Hampton v. United States, 191 F.3d 695 (6th Cir. 1999) for the proposition that a "person's impediments are reased [sic] unless his prior conviction is a 'specific felony.'" (Pet. at 1.) Defining "specific felony" as "a felony in which an element is the use, attempted use, or threatened use of physical force against the person or property of another," the Hampton opinion purportedly supports a claim that his conviction must be set aside because drug trafficking does not involve "use, attempted use, or threatened use of physical force against the person or property." (Pet. at 1.) Notwithstanding that fact, more than five years had passed since his 1991 felony conviction when the court characterized and charged him as a felon in the federal indictment.

Mr. Thomas maintains that he is entitled to raise his challenges in a § 2241 petition because his remedy under 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his detention. He previously filed a motion to vacate his sentence (on a date not disclosed in the

2

petition) in the court that sentenced him. However, when he attempted, "through a motion under Rule 15, Federal Rules of Civil Procedure, to bring this matter to the district court who sentenced him, . . . the court denied it as moot, stating that he had already ruled on Petitioner's section 2255 motion, which order was sent to Petitioner when he was on transit and never received it." (Pet. at 2.) It was in his Rule 15 motion that he raised the issue now before this court, but "the sentencing court in Michigan refused to reach its merits, and never construed it as a second or successive petition either." (Pet. at 3.) He claims that this failure to rule on his Rule 15 motion, as "opposed to denying the claim on it's [sic] merits" is proof that his remedy under § 2255 is inadequate and ineffective. More importantly, he insists he is "actually innocent" and thus qualified for § 2241 relief based on the Sixth Circuit's criteria for redress under § 2255's savings clause. See Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999).

*28 U.S.C. § 2241*

This court has the power to grant a writ of habeas corpus in cases where a prisoner is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In this case, however, the grounds upon which the right to the writ are asserted are, in substance, challenges to Mr. Thomas's criminal prosecution. For the reasons outlined below, his claims are dismissed.

Under highly exceptional circumstances a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255 (last clause in fifth paragraph); Charles, 180 F.3d at 755-56. It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. The

3

remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. Charles, 180 F.3d at 758.

A prisoner's "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963). Thus, it is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

Considering the body of case law outlining what courts have not considered inadequate or ineffective, Mr. Thomas's contention that he is foreclosed from filing another §2255 motion because the trial court never ruled on his prior § 2255 is without merit. Furthermore, his claim of actual innocence is not supported by the law. The Hampton holding upon which he relies, which essentially states that a felon's rights are restored upon completion of his sentence, has been effectively overruled by subsequent cases. See Hampton, 191 F.3d 695 at 702-03; United States v. Campbell, 256 F.3d 381, 392 (6th Cir. 2001). The Sixth Circuit stated in Campbell that if the law of the State of Michigan places a restriction on a felon's right or

4

privilege to possess firearms following a conviction, that person retains the status of a convicted felon and is subject to prosecution under § 922(g), notwithstanding any restoration of civil rights by the convicting jurisdiction. Campbell, 256 F.3d at 392. This would certainly undermine any argument that Mr. Thomas is "actually innocent" of the charges for which he was indicted in 2003, especially considering the fact that Hampton was decided before 2003 and he had ample opportunities to challenge the charges filed against him before filing his present petition.

Based on the foregoing, this matter is dismissed pursuant 28 U.S.C. § 2243. The dismissal is without prejudice to any claim petitioner could bring in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the court which sentenced him.[1] The court certifies pursuant to

---

[1] This court will not construe this petition as a motion to vacate pursuant to 28 U.S.C. § 2255. In In re Shelton, 295 F.3d 620 (6th Cir.2002), the Sixth Circuit held that, with regard to pro se litigants in particular:

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

In re Shelton, 295 F.3d at 622 (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998))

5

28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.

                                      s/ Kathleen M. O'Malley
                                      KATHLEEN M. O'MALLEY
                                      UNITED STATES DISTRICT JUDGE

DATED: March 29, 2007

---

[2] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may bot be taken in forma pauperis if the trial court certifies that it is not taken in good faith.